(80 South. 191)

No. 23032.

STATE ex rel. TEXAS GRADING CO. v. BUIE, State Highway Engineer, et al.

(June 29, 1918.    Rehearing Denied Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. MANDAMUS ⬅102(1) — DUTY IMPOSED BY LAW—RIGHT TO WRIT—STATUTE.

Under Act No. 49 of 1910, empowering state highway engineer, etc., to contract to build a highway, his written contract was merely a recognition of a duty imposed by law, so that contractor's mandamus to compel engineer to issue a warrant in its favor might be maintained as against objection that it attempted to enforce a conventional obligation contrary to Code Prac. arts. 829–834.

2. MANDAMUS ⬅72—MINISTERIAL DUTY.

A duty, the performance of which may be compelled by mandamus, must not only be imposed by law, but it must be ministerial in its nature and not depending upon the exercise of legal discretion.

3. MANDAMUS ⬅71 — MINISTERIAL DUTY — PROVINCE OF COURT.

It is within the province of courts to decide whether an act sought to be enforced by mandamus is or is not ministerial.

4. HIGHWAYS ⬅113(5)—PROTECTION OF LABORERS AND MATERIALMEN — STIPULATION BY THE STATE ENGINEER.

Under Act No. 49 of 1910, empowering state engineer, etc., to build highways, without provision to safeguard claims of laborers and materialmen or authorizing state highway department to require that contractors guarantee payment of such claims, the state engineer, etc., could not bind a contractor by a stipulation against cancellation of bond until he adjusted such claims.

Monroe, C. J., dissenting.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Mandamus by the State, on the relation of the Texas Grading Company, against Duncan E. Buie, State Highway Engineer, and others. Relator's demand rejected, and it appeals. Judgment reversed, with order that writ of mandamus issue.

Goldstein & Walker, of Shreveport, for appellant.

A. V. Coco, Atty. Gen., and Harry Gamble, Asst. Atty. Gen., for appellees.

LECHE, J. Relator prays for a writ of mandamus, directing the state highway engineer to issue in its favor his warrant, and directing the president of the state board of engineers to approve same, upon the state

treasurer of Louisiana, for the sum of $9,-306.48 to be paid out of the fund created by Act No. 49 of 1910. A rule to show cause was issued, and, after trial and hearing, the district court rejected relator's demand, and from that ruling the present appeal was taken.

Relator, as the successful bidder, was awarded a contract to build about 13½ miles of highway in the parish of Bossier. The work was undertaken and completed according to the written contract and specifications, in consideration of a sum exceeding $50,000, all of which has been paid to relator, except $7,245.57. Defendants refuse to comply with relator's demand for the reason that there were filed with the recorder of mortgages for the parish of Bossier claims for materials, supplies used, and labor performed in the construction of said highway, amounting to the sum thus withheld by them, and which would otherwise still be due to relator under its contract. It is admitted by the parties that the work was properly performed and that the balance of the contract price remaining unpaid is $7,245.57.

Two defenses were pleaded to relator's action. The first one is directed at the mode of proceeding, and the other is founded on the allegation that, though the work was properly completed, the stipulations in the contract have not entirely been complied with, in this, that there remains unfulfilled a condition in the bond furnished by relator to the effect that "all sums due upon material and supplies used and for wages earned by laborers and workmen employed upon the work to be done" shall be paid by relator.

[1] The writ of "mandamus" is an order issued in the name of the state by a tribunal of competent jurisdiction and may be addressed to a public officer directing him to perform some act or some duty imposed upon him by law. C. P. arts. 829–834. The duty must be one imposed by law and must not merely result from a conventional obligation. State ex rel. New Orleans v. Carrolton R. R., 37 La. Ann. 589. While in the case at bar the duty sought to be enforced is contained in a contract, it arises out of the provisions of Act No. 49, p. 74, of 1910. Respondents would, without the legislative sanction contained in said act, have been powerless to enter into any contract in the premises with relator or any one else. State ex rel. McEnery v. Nicholls, 42 La. Ann. 222, 7 South. 738. We are then of the opinion, as the written contract is merely a recognition on the part of respondents of a duty which in point of fact is imposed, not by the contract, but by the law which authorized them to enter into the contract, that the present proceeding by mandamus is not amenable to the objection that it attempts to enforce the stipulations of a conventional obligation.

[2, 3] It is also well settled by our jurisprudence that the duty must not only be imposed by law, but that it must be ministerial in its nature and not depending upon the exercise of legal discretion. Courts have no right to ignore or control the discretion which the law has vested in public officials, except where such discretion has been grossly abused. It is, however, within the province of the courts to decide whether an act sought to be enforced is or is not ministerial. State ex rel. Ecuyer v. Burke, 33 La. Ann. 969. The decision of that question is involved in the second defense of respondents.

It appears from the record that the contract, entered into on June 13, 1916, contains the following stipulation:

"Final payment and cancellation of bond will not be made until the contractor (relator herein) and his sureties have satisfactorily adjusted all claims and liens recorded in the office of the recorder of mortgages in the parish of Bossier against the contractor for all sums due upon materials used and for wages earned by laborers and workmen employed in connection with the construction of this work."

The bond furnished by the relator also contains the condition that the relator "shall pay all sums due on materials and supplies used and for wages earned by laborers and workmen employed on the work to be done, etc."

Relator contends that there are no claims of any kind pending against it for the work performed under the contract, but that the said claims, alleged to be of record in the parish of Bossier, are against Bishop & Bybee for materials, supplies, and labor furnished the said Bishop & Bybee; that said Bishop & Bybee were to the knowledge of respondents, and, with their consent, subcontractors who performed part of the work on said highway; that it (the relator) has paid the said Bishop & Bybee, and therefore cannot be held in law, or under the contract, bound for the payment of said claims.

There are several letters in the record, written by Mr. Cappel, bridge and office engineer, and others written to him, in which allusions are made to subcontractors. This correspondence, however, was entirely between the relator and the engineer in charge of the construction of the highway and in no manner releases the relator from the execution of any of the stipulations of the contract. On the contrary, relator in a letter written November 11, 1916, expressly admits that it alone is responsible to the respondents for the work which it undertook under the contract of June 13, 1916. We find nothing in the record to justify relator's contention that any part of the contract was sublet with the consent of respondents; but, on the contrary, we find a stipulation in the contract to the effect that "this contract shall not be assigned, nor shall any portion of the work thereunder be subcontracted without written authority of the state highway engineer," and it is not pretended that there is any written authority from the state highway engineer to that effect. Bishop & Bybee must therefore be considered, so far as respondents are concerned, only as employés and agents of relator and not as its subcontractors.

[4] Conceding, however, that the claims against Bishop & Bybee, recorded in the parish of Bossier, for work performed and for materials used in the construction of the highway, are such claims as are contemplated in the stipulation of the contract and the condition of the bond, it must first be ascertained whether respondents had the authority, under the law, to bind the relator, as contractor, by such a stipulation and such a condition. That is the pivotal question in the case.

The Act No. 49 of 1910, which is the mandate from the state of Louisiana under which respondents are carrying out their public trust, is the only source from which the authority they may exercise in the construction of public highways is derived. That act contains no provision, either to safeguard the claims of laborers and furnishers of material, or to authorize the state highway department to require from contractors any guaranty for the payment of such claims, and there is no law granting any lien or privilege on the public highways to secure the same.

In the case of State v. C. S. Jackson & Co., 137 La. 934, 69 South. 751, the state highway engineer, having under his control a balance due to the contractor, after completion of the work, deposited the fund in court, and caused to be cited the contractor and all those having claims for labor performed and material used in the construction of a highway. It was there held that the state had no interest in thus instituting a concursus proceeding, that there was no personal liability whatever on the part of the state to laborers and materialmen, and that the mere moral or paternal interest which the state might have in a private matter of that kind could not serve as a basis for a cause of action.

It is true that the contract in the Jackson Case contained no stipulation or condition binding and obligating the contractor to pay the claims of laborers and materialmen; but such an obligation on the part of the contractor existed nevertheless, for it is imposed by law. The only purpose for which such a stipulation was inserted in the contract in this case was to authorize the respondents to enforce its performance and to place upon their principal, the state of Louisiana, a duty which respondents, as its agents, were commendably willing to assume personally, but the imposition of which upon the state there was no law to sanction.

It might be argued that relator, having consented and agreed to such a stipulation, is estopped from attacking its validity; but, on the other hand, the parties in whose favor it was made have no right of action on the bond which is payable to the state, they are not parties to this suit, and the state, as was decided in the Jackson Case, has no real interest to compel its fulfillment. It might be a proper and better policy for the state, in the construction of all public works, to assume a benevolent and paternal attitude and protect the claims of laborers, artisans, and furnishers of material, against contractors and subcontractors; but such a matter is exclusively within the control of the Legislature and not within the discretion of public officials and courts of justice. We are therefore of the opinion that relator's proceeding by mandamus is supported by law, and that it is entitled to the relief which it asks.

For these reasons, the judgment appealed from is avoided and reversed, and it is now ordered that the writ of mandamus prayed for by relator be issued, commanding Duncan E. Buie, state highway engineer, to issue in its favor his warrant, and commanding Frank M. Kerr, president of the board of engineers, to approve same, upon the treasurer of the state of Louisiana, for the sum of $7,245.57 to be paid out of the fund created by Act No. 49 of 1910 and the contract of June 13, 1916, entered into by relator and respondents.

MONROE, C. J., dissents.