(123 So. 125)

No. 29592.

STATE ex rel. MARTIN v. BAILEY, Secretary of State.

May 20, 1929. Rehearing Denied June 17, 1929.

Normann, Breckwoldt & Schwartz, of New Orleans, for appellant.

Percy Saint, Atty. Gen., and M. M. Irwin, Asst. Atty. Gen., for appellee.

BRUNOT, J. This is a mandamus proceeding to compel the secretary of state to promulgate Senate Bill No. 28, which was passed by both houses of the Legislature of Louisiana at the regular session of the Legislature in 1928.

A rule nisi issued, three exceptions were filed with the return, the matter was heard, and from a judgment recalling the rule nisi, and denying the writ, the relator appealed.

The petition alleges that the enrolled copy of the bill, properly signed, was presented to the Governor for executive approval, but that he did not deposit it in the office of the secretary of state until 13 days thereafter, the term of the Legislature having previously expired, and therefore, under the provisions of section 15 of article 5 of the Constitution of 1921, the bill became effective 10 days after it was presented to the Governor, and it then was the ministerial duty of the secretary of state to promulgate it. The indorsement on the bill shows that it was vetoed timely.

Section 15 of article 5 of the Constitution is in two paragraphs. Relator relies upon the second paragraph of the section, which follows:

"The Governor shall have ten calendar days after any bill shall have been presented to him within which to approve or veto it; *any bill approved or not vetoed within said period shall be law, notwithstanding the term of the Legislature* has expired. The date and hour when the bill is delivered to the Governor shall be indorsed thereon. *Such bills as become effective after adjournment of the Legislature by reason of failure to veto, or by approval of the Governor, shall be deposited in the office of the Secretary of State, which officer shall then give notice by publication in the official journal of the approval or failure to veto said bills, and shall promulgate the same;* and the Governor shall report thereon to the next session of the Legislature." (Italics by the court.)

It is clear, from the foregoing provisions of the Constitution, that bills which are approved or which are not vetoed by the Governor within 10 calendar days after they shall have been presented to him, if the legislative term ends before the expiration of that time, become effective, and it is equally clear that the bills which thus become effective are the only bills which the quoted provision of the Constitution requires the Governor to deposit in the office of the secretary of state.

It is evident that the framers of our Constitution were not concerned with the disposition of vetoed bills. If they had been, they would have written into the Constitution a provision similar to the one found in the Constitution of Nebraska. As there is no provision of the Constitution and no law of the state requiring the deposit of vetoed bills in the office of the secretary of state, there is

no duty, ministerial or otherwise, imposed upon the secretary of state with respect to such bills.

The purpose of the writ of mandamus is to enforce a clearly recognized right, and to compel the performance of a ministerial duty with respect to that right. State v. St. Charles Parish, 29 La. Ann. 146; State v. Herron, 29 La. Ann. 848; State v. Smith, 104 La. 370, 29 So. 40. In State v. Buie, 144 La. 39, 80 So. 191, this court said:

"A duty, the performance of which may be compelled by mandamus, must not only be imposed by law, but it must be ministerial in its nature, and not depending upon the exercise of legal discretion."

For the reasons stated, we find that the judgment appealed from is correct, and it is therefore affirmed, at appellant's cost.

O'NIELL, C. J., absent, takes no part.