McBRIDE, Judge.
In order that the nature of this case may be properly stated and to further a clear understanding of the issues presented therein, we think it necessary to recite the following recent history of the Parish of Plaquemines.
On February 7, 1959, and May 22, 1959, the Police Jury for Plaquemines Parish, acting as the governing authority thereof, by resolution said to be adopted pursuant to LSA-R.S. 33:1224 abolished the Eighth Ward of the Parish of Plaquemines and consolidated a part thereof with the Seventh Ward and a part with the Ninth Ward.
The relators, Mrs. Una M. Vullo and Bernard R. Martin, claim to be taxpayers and registered voters affiliated with the Democratic Party residing in the former Eighth Ward of the Parish of Plaquemines. They are desirous of becoming candidates, respectively, for the offices of justice of the peace and member of the Police Jury for Ward 8 in the Democratic Primary Election to be held on December 5, 1959; they allege that on September 9, 1959, the Plaquemines Parish Democratic Executive Committee met to issue a call for the Democratic Primary Election to be held on December 5, 1959, and adopted a resolution calling said primary election; however, as a result of the adoption by the Police Jury of the ordinances of February 7, 1959, and May 22, 1959, the parish Democratic Executive Committee neglected to include in its call a primary election for ward officers for Ward 8 of the Parish of Plaquemines, including the offices of justice of the peace and member of the Police Jury.
Relators also allege that notwithstanding the failure of the parish Democratic Executive Committee to call an election for the officers of Ward 8 of the parish, rela-tors did file with the Chairman of the Committee their notifications of candidacy in proper form, together with the deposit required by law.
The petition further alleges that the ordinances of the Police Jury abolishing Ward 8 are unconstitutional, null and void and without effect, on various grounds, and that relators are entitled to become candidates for the offices to which they aspire in the forthcoming statewide Democratic Primary Election, and that it is the duty of the Plaquemines Parish Democratic Executive Committee to meet and declare relator Mrs. Vullo a candidate for the office of justice of the peace for Ward 8 and to declare relator Martin to’be a candidate for the office of member of the Police Jury for Ward 8.
The prayer of the petition is that a writ of mandamus issue directing the Plaque-mines Parish Democratic Executive Committee to meet and order that nominations for ward officers for Ward 8, including the offices of justice of the peace and member of the Police Jury for said ward, be made by direct primary to be held on December 5, 1959; to certify relators as candidates for nomination to the offices to which they aspire so that their names may be placed on the official ballot to be used in the primary election.
In the alternative, relators pray that if this matter cannot be finally adjudged in time to allow the Plaquemines Parish Democratic Executive Committee to meet and order that nominations for ward officers for Ward 8 be made in the December 5, 1959, primary, or, in the event that the matter is not finally determined in time to permit the names of relators to appear on the official ballots, then a writ of mandamus be *72 issued directing the Plaquemines Parish Democratic Executive Committee to meet and declare relators the Democratic nominees for the offices for which they allegedly qualified.
The suit is directed against Plaquemines Parish Democratic Executive Committee and Plaquemines Parish Police Jury. The writ of mandamus is sought against Plaq-uemines Parish Democratic Executive Committee through its Chairman, but notwithstanding Plaquemines Parish Police Jury is also named as a defendant, no relief is sought against it.
The lower court issued alternative writs of mandamus as prayed for returnable on a day and date fixed in the court’s order. On the return day James L. Armstrong and Edward John Foster, who allege they reside in the late Ward 8 of Plaquemines Parish and are voters and electors affiliated with the Democratic Party, intervened in the suit claiming that they have filed their notifications of intention, accompanied by the required cash deposit, with the Plaquemines Parish Democratic Executive Committee, to become candidates in the Primary election for the respective offices of police juror and justice of the peace for Ward 8; they allege they are in the same situation relatively as relators in the case and are entitled to be recognized and to have their names certified by the Plaquemines Parish Democratic Executive Committee as candidates for nomination in said primary to the Secretary of State in order that their names may be placed on the ballot to be used in said election; they pray that in due course of law there be judgment in their favor “to the same effect as any judgment which may be finally rendered herein in favor of the plaintiffs.”
The respondents, Plaquemines Parish Democratic Executive Committee and Plaquemines Parish Police Jury, filed a series of exceptions to relators’ petition, namely:
“(I) (A) This Court lacks jurisdiction ratione materiae.
“(B) There is a lis pendens.
“(C) There is a misjoinder of parties defendant named in the petition herein because there is a lack of mutuality of interest on the part of the Plaquemines Parish Democratic Executive Committee, defendant, and the other parties named defendant herein, and no judgment can be rendered against all said defendants because of said lack of mutuality of interest.
“(II) There is a misjoinder of asserted causes of action, and the demands of plaintiffs are inconsistent and conflicting.
“(Ill) Defendant excepts to plaintiffs’ petition on the grounds of prematurity.
“(IV) Plaintiffs’ petition does not disclose a legal right of action.
“(V) Plaintiffs’ petition fails to state a cause of action.”
The trial judge after hearing argument maintained the exception of lis pendens and dismissed both the main demand and the demands made by the intervenors, and from the judgment the intervenors perfected an appeal to this court. The rela-tors in the main demand applied to the Supreme Court of Louisiana for writs of certiorari, prohibition and mandamus, which application was denied by the court, (its docket No. 44,885) which handed down a mandate reading thus:
“The application for writs is denied. The relators have an adequate remedy by appeal inasmuch as the appeal in this case was made returnable to the Court of Appeals for the Parish of Orleans on October 7, 1959, and that court, under the law, must fix the case by special preference and dispose of the matter in its entirety, including *73 all issues that are presented, within twenty-four hours.”
The relators in the main demand answered the intervenors’ appeal and then appealed from the judgment to this court, and the case is now before us for adjudication.
Under the plain language used by the Supreme Court in its mandate, we take it we are required to pass on all issues presented regardless of whether they were raised or considered below.
Of course we should first pass on the exception that the trial court lacked jurisdiction ratione materiae, although little attention need be paid to the same. The exception is clearly without merit, as the district court would have jurisdiction to compel by mandamus officers and committees charged with the conduct of elections to perform specific statutory duties, and our opinion is that one of the duties of the Democratic Executive Committee of the Parish of Plaquemines is to accept and act upon nomination papers from local candidates seeking nomination in a Democratic Primary. See State ex rel. Elston v. Parish Democratic Executive Committee for Parish of Plaquemines, 173 La. 844, 138 So. 857.
The exception of lis pendens which the lower court maintained need not be considered, and pretermitting its validity, we now pass on to a consideration of the exception that relators’ petition fails to state a cause of action.
This exception, we think, is well taken and stands as an insuperable barrier to relators.
The writ of mandamus is an order issued in the name of the state by a tribunal of competent jurisdiction and may be addressed to a public officer directing him to perform some act or some duty imposed upon him by law. Code of Practice arts. 829-834. The duty must be one imposed by law. State ex rel. Texas Grading Co. v. Buie, 144 La. 39, 80 So. 191. Perhaps if Plaquemines Parish did contain a Ward 8, the Democratic Parish Executive Committee could be compelled to accept the nomination papers of the relators even though said committee had called no primary election for the offices to which they seek to become Democratic nominees. See again State ex rel. Elston v. Parish Democratic Executive Committee for Parish of Plaquemines, supra.
But Plaquemines Parish has no Ward 8 by virtue of the action of the Police Jury in adopting the ordinances, and we do not believe that the parish executive committee can be coerced into accepting the nomination papers of the relators or to act thereon or to call a primary election whereat officers for Ward 8 should be nominated.
It is true relators strenuously assail the constitutionality of the ordinances of the Police Jury; however, we do not think that the Plaquemines Parish Democratic Executive Committee should have made determination of the legality vel non of the ordinances and arrived at a conclusion that notwithstanding the’ordinances Ward 8 has still a legal existence. If this court should issue the mandamus, it would be tantamount to saying that the committee should have assumed the powers of a judicial tribunal and decided an intricate question of law.
No provision of the statutes endows the committee with any such power or authority. There was no Ward 8 in Plaque-mines Parish when the parish executive committee met, and, consequently, the committee could legally call no primary election for local offices therein nor could the committee accept qualification papers from any person desiring to become a candidate for nomination. We think the committee’s position is legally correct and it was justified in not calling the primary election in Ward 8 and in refusing to give any heed to relators’ notifications of intention to become candidates.
*74 This is not a proceeding by which relators are seeking to have the abolition of Ward 8 of Plaquemines Parish by the Police Jury declared illegal and without force or effect. We cannot believe that in this ' mandamus proceeding against the Democratic Parish Executive Committee for Plaquemines Parish the relators would have the right to collaterally attack the action of the Police Jury, and our firm opinion is that before any court could possibly grant the relief for which the relators pray against the parish executive committee, they should, as a prerequisite, have it judicially declared in a direct action that the ordinances in question which abolished Ward 8 are null and void and that notwithstanding these ordinances former Ward 8 is still in existence.
It is ordered that the judgment appealed from be and the same is hereby amended so as to read as follows:
It is ordered, adjudged and decreed that the exception that plaintiffs’ petition fails to state a cause of action be maintained, and, accordingly, the alternative writ of mandamus is recalled and this suit is dismissed and the demands of plaintiffs and intervenors are rejected at their cost.
And as thus amended, the judgment is affirmed.
Amended and affirmed.