BARNETTE, Judge.
The plaintiff, Appellant, John D. Kop-fler, brought this proceeding as a mandamus action to compel the election officials charged with the duty of calling and supervising elections in Tangipahoa Parish, and particularly those charged with the duty of calling and supervising a special election for the office of Judge of the City Court for the City of Hammond, Seventh Ward, Tangipahoa Parish, to call a special election to be held on November 1, 1975, and December 13, 1975, for the election of Judge of the City Court of Hammond, according to law. He seeks to have the Tan-gipahoa Parish Democratic Executive Committee ordered to provide for a qualifying period and to fix the fee for qualification, open to him and to all persons who may wish to qualify as candidates in said election according to law.
The defendants named and cited are (1) Edwin Edwards, Governor of the State of Louisiana, (2) Charles A. Branch, Chairman of the Tangipahoa Parish Democratic Executive Commitee, (3) Wade O. Martin, Secretary of State of the State of Louisiana, (4) Estelle S. Stire, Clerk of Court of Tangipahoa Parish, (5) H. W. Martens, Clerk of the City Court for the City of Hammond and (6) Edward B. Dufreche, Judge of the City Court for the City of Hammond.
Following a trial of the issues presented in the District Court on August 18, 1975, judgment was rendered providing in pertinent part as follows:
“After hearing the testimony, reviewing the pleadings in the exhibits, etc. the Court considering the law and evidence to be in favor of defendants herein.
*655 “IT IS ORDERED, ADJUDGED AND DECREED that the alternative writs of mandamus issued herein to Estelle S. Stire, H. W. Martens, Wade O. Martin, Jr., Charles A. Branch, Governor Edwin Edwards are hereby recalled.
“IT IS FURTHER ORERED, ADJUDGED AND DECREED that plaintiff’s suit be dismissed at his cost.”
From that judgment the plaintiff has appealed.
There are no seriously disputed facts and the issues presented for our decision are questions of law only.
The Honorable Leon Ford, III was the duly elected Judge of the City Court of the City of Hammond and was serving in that capacity in August, 1974, when he was elected in a special election to a vacancy in the office of District Judge for the Twenty-first Judicial District Court. Upon assuming the office of District Court Judge on October 14, 1974, he vacated the office of Judge of the City Court for the City of Hammond, with more than four years of unexpired term in that office remaining. The term to which he had been elected as City Court Judge expires on December 31, 1978.
On October 15, 1974, the defendant, Edward B. Dufreche was appointed by Governor Edwin Edwards as Judge of the City Court for the City of Hammond pursuant to the authority vested in him by Article 7, Section 69, subd. A(l) of the Constitution of 1921. The appointee, Judge Dufreche, immediately took the oath of office and assumed the office of City Court Judge for the City of Hammond and has continued' to serve in that capacity to the present.
. The Tangipahoa Parish Democratic Executive Committee met on August 2, 1975 pursuant to law, for the purpose of calling elections and providing for a period for qualification of candidates and to fix the filing fees to be required of candidates for the several elective offices within its authority. The said committee failed to provide for an election and to set the time and fee for qualification of candidates seeking election to the office of Judge of the City Court for the City of Hammond.
On August 7, 1975, the plaintiff, John D. Kopfler, made timely attempt to qualify as a candidate for the office of Judge of the City Court for the City of Hammond by presenting properly executed qualifying forms with certified check for an admittedly sufficient amount to Charles A. Branch, Chairman of the said Executive Committee, but Chairman Branch refused to accept the qualifying forms and the tendered payment of fee, for the alleged reason that no election had been called for the office of Judge of the City Court for the City of Hammond. Whereupon Mr. Kop-fler mailed the qualifying forms and certified check to cover the required fee by certified mail in accordance with Acts 1 and 199 of 1975 (R.S. 18:393). There is no issue regarding the form of the proffered qualifying papers nor the sufficiency of the tendered fee. As stated above the Committee simply did not include in its official acts provision for the qualifying of candidates for election to the office of Judge of the City Court for the City of Hammond. There was no call for a special election to said office.
Apparently the refusal and or failure by all the named defendants having responsibility for calling and providing for a special election for the office of Judge of the City Court for the City of Hammond was in reliance upon an opinion of the State Attorney General, given in the form of a letter to the Governor’s appointee, Judge Edward B. Dufreche, dated May 9, 1975 and being opinion 75-629, which in pertinent part is as follows:
“This is in reference to your letter of May 5, 1975, inquiring as to the dates of the end of your term as Judge of the City Court of Hammond, and of the end of the term of the marshal of the same Court.
*656 “You inform us that you were appointed on October 15, 1974 to fill the vacancy created by the election of Leon Ford to District Judge. You inform us that the present marshal was appointed on December 31, 1974 to fill the vacancy created by the retirement of his predecessors. The terms of the judgeship and of the marshal run concurrently from January 1, 1974 through December 31, 1978, or six years.
“We assume that the dates of your, and of the marshal’s appointments are also the dates of your swearing-in. If either swearing-in took place after midnight, December 31, 1974, then a different result might obtain, since the Constitution of 1974 would then apply. Art. XIV, Sec. 35, Const. of 1974; cf. Art. V, Sec. 22, Const. of 1974.
“For your reference we enclose a copy of Opinion No. 75-253 which discusses the same issue. Therein you will note that it is our opinion that Article XIV, Section 15 of the new Constitution authorizes an appointed officeholder, in this case a city court judge and marshal, to remain in office until the term of the office to which he was appointed ends or until the office is abolished.
“In this latter regard, we note for your information Article V, Section 15 of the new Constitution which authorizes the Legislature to abolish city courts and their marshals by establishing courts of limited jurisdiction with parishwide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the State. To date, the Legislature has not created such courts.
“Therefore, it is our opinion that absent the creation of such courts, your term as Judge of the City Court of Hammond, and the term of the present marshal of that Court, will end on December 31, 1978. The election for the next term of the judgeship shall be held at the regular congressional elections in 1978. Art. V, Sec. 22, Const, of 1974.”
The opinion 75-253, referred to, and dated April 8, 1975, relates to the same subject matter and was addressed to Honorable Burrell J. Carter, Judge of the Twenty First Judicial District Court (Division A). In pertinent part that opinion is as follows :
“Article XIV, Section 15 of the Constitution of 1974 provides in part:
A person holding an office by appointment [on the effective date of this constitution] shall continue to exercise his powers and duties until his office is abolished, his term ends, or he is removed or replaced under the provisions of this constitution or by law.
“By the plain wording of the Section you are to continue holding the office of judge until your term ends. It is the opinion of this office that the term contemplated is clearly the existing term of the judge which you were appointed to replace. See Art. V, Sec. 22(B), Const, of 1974.

“Article V, Section 22(C) of the Constitution of 1974 provides:
A judge serving on the effective date of this constitution shall serve through December thirty-first of the last year of his term or, if the last year of his term is not in the year of a regular congressional election, then through December thirty-first of the following year.
* * * * * *
The trial court Judge gave no reasons for judgment but we assume he also relied on the Attorney General’s opinion. In any event, however, we do not concur in the opinion of the Attorney General. His error stems from an erroneous interpretation of the term for which the Governor’s appointee was appointed.
*657 Article 14, Section IS of the Constitution of 1974 (which became effective January 1, 1975) reads in full as follows:
“A person holding an office by election shall continue to exercise his powers and duties until his office is abolished, his successor takes office or the office is vacated, as provided by law. A person holding an office by appointment shall continue to exercise his powers and duties until his office is abolished, his term ends, or he is removed or replaced under the provisions of this constitution or by law. Each public body shall continue to exercise its powers and duties until changed as provided by this constitution or by law.” (Emphasis added)
As stated above Governor Edwards appointed Judge Dufreche on October IS, 1974 under the then existing authority of Article 7, Section 69 of the Constitution of 1921. That Section provides in pertinent part as follows:
“[Section 69] A. Subject to the provisions of Paragraph C:
“(1) Vacancies in the office of judge of a district, juvenile, family parish or city court, district attorney, sheriff, assessor, clerk of a district court and registrar of conveyances, recorder of mortgages and state tax collector in Orleans Parish shall be filled by appointment by the Governor, with the advice and consent of the Senate.
******
“C. If, at the time a vacancy occurs in an office for which appointment is provided in Sub-section A., the unexpired portion of the term of office is more than one year, a- special election to fill the vacancy shall be held, without the necessity of a call by the Governor, to coincide with the next scheduled election to be held more than six months after first receipt of notice of the vacancy by the Secretary of State, to be given as hereinafter provided, in the district, parish, or other political subdivision in which the vacancy occurred, and in such case the appointment provided for in Sub-section A. of this Section shall be effective only until a successor is duly elected and qualified; provided, that in case the special election would coincide with the election at which the office is to be filled for the succeeding term, no special election shall be held and the appointment shall be effective for the remaining unexpired portion of the term of office.
“Upon being informed of the occurrence of a vacancy in any of the offices specified in Sub-section A. of this Section, the Clerk of the District Court in the parish where the vacancy occurred, and in the Parish of Orleans the Clerk of the Criminal District Court, shall, within 24 'hours after being thus informed, notify the Secretary of State in writing by registered or certified mail of the occurrence of the vacancy. Upon receipt of such notice, the Secretary of State, shall, within 24 hours after such receipt, notify in writing by registered or certified mail all election officials, including party committees and boards of supervisors of elections, having any duty to perform in connection with a special election to fill such vacancy. (Emphasis added)
******
Clearly the appointive authority of the Governor authorized by the foregoing constitutional section, is restricted and limited to appointment of a judge to a vacancy in one of the named judicial offices (with confirmation by the Senate) to a term no longer than until a special election shall be held to fill the vacancy without the necessity of a call by the Governor to coincide with the next scheduled election to be held more than six months after receipt of notice of the vacancy. The above, section, authorizing Judge Dufreche’s appointment further provides that his appointment "shall be effective only until a successor is duly elected and qualified.” Clearly this contemplates a special election, (in this *658 case, on November 1 and December 13, 1975) at which time the appointive term of Judge Dufreche will expire.
It should be noted that the provisions of Article 7, Section 69 of the Constitution of 1921 are mandatory and the special election mandated “shall” be held without the necessity of a call by the Governor.
Article 7, Section 69 of the Constitution of 1921, which is the controlling constitutional authority for Judge Dufreche’s appointment and the requirement for the holding of a special election is self operating in respect to the calling of a special election. It provides that when the unexpired term is more than a year from the date the vacancy occurred a special election to fill the vacancy shall be held without the necessity of a call by the Governor. The Secretary of State is required by the same section to notify the proper election officials “having any duty to perform in connection with a special election to fill such vacancy.” Clearly this section does not empower the Governor to appoint a successor for the “unexpired” term when it is longer than one year and requires the special election without the necessity of a call for same by the Governor. The section itself provides for the notification of the officials whose duty it is to provide for and conduct the special election.
There is no conflict of intent and purpose with respect to the filling of a vacancy in a judgeship between that article and section and the corresponding Article and Section (Art. 5, Sec. 22) of the Constitution of 1974. The appointive authority is now vested in the Supreme Court and the special election shall be called by the Governor and held within six months.
The Attorney General’s opinion, therefore, is in error wherein it concludes that the “term” for which Judge Dufreche was appointed was the unexpired term of Judge Ford. The Governor had no authority to appoint him for a term ending in December, 1978 and made no such attempt.
We therefore hold that Article 14, Section 15 of the Constitution of 1974, providing that an appointed judge in office on the effective date of the Constitution (January 1, 1975) shall continue to exercise his powers and duties “until * * * his term ends * * * ” means in this case that Judge Dufreche shall continue to serve in the judgeship to which he was appointed only to the next election for State, District and Parish officials at which time a special election shall be held for the office of Judge of the City Court for the City of Hammond.
Article 7, Section 69 of the Constitution of 1921, which applied to the vacancy in the judgeship in question, as above quoted, requires the Clerk of Court of the Parish in which the vacancy has occurred to notify the Secretary of State of the vacancy within 24 hours by registered or certified mail. It provides also that the Secretary of State then, within 24 hours from receipt of the notice, shall in like manner notify the proper election officials having the duty to provide for a special election to fill the vacancy.
Apparently the required notices were not formally given in the manner required by the statute, of the vacancy created by Judge Ford’s election to and induction into the office of District Judge. But it is not denied that all the authorities having responsibility for filling the vacancy by appointment and by later special election had actual knowledge thereof. In fact Governor Edwards’ letter to the Secretary of State, October 15, 1974, notified him of the vacancy and directed him to prepare the commission of appointment of Judge Ford’s successor.
It would have served no purpose had the formal notices required by the statute been given. Furthermore the failure of public officials to perform their ministerial duties will not be permitted to circumvent and defeat the clear intent of the Constitution.
*659 Both the Constitution of 1921 and the Constitution of 1974 were carefully drafted in respect to the manner of filling vacancies in judicial offices. There can be no doubt whatever that under both constitutions the filling of a vacancy in a judgeship shall be by special election if the unevpired term of the office vacated is more than one year, under the Constitution of 1921 and more than six months under the Constitution of 1974 (Article 5, Section 22). Authority for appointment by the Governor, under the 1921 Constitution, and by the Supreme Court, under the Constitution of 1974, is for an interim appointment only until the orderly process of an election can be assured. Clearly both constitutions intend that the Judges of the Courts of this State shall be elected and the appointive authority has been carefully restricted and limited as to time to insure the election of judges as expeditiously as possible under an orderly process, while at the same time providing a continuity of the office in the public interest.
Article 14, Section IS of the Constitution of 1974, referred to in the Attorney General’s opinion is one of the “Transitional Provisions” of the new constitution to insure the orderly transition of all elected and appointed public officials from authority under the old constitution to authority under the new constitution. It was not intended to be used as a device to extend the term of office of any elected or appointed public official.
Article 5, Section 22(C) of the Constitution of 1974 referred to in the Attorney General’s opinion is for the obvious purpose of terminating all judgeships at the end of even numbered years (the years of regular congressional elections). The purpose of this is to insure that there will be no “lame duck” judges serving out a year of unexpired term following a defeat for reelection at the congressional election held more than a year before the end of his term. See for example, Court of Appeal Judges, Article 7, Section 22H of the Constitution of 1921.
Other issues of law raised in the trial court involved the timeliness of the filing of certain answers and exceptions by some of the named defendants. R.S. 18:364. and R.S. 18:420 (Act 1 of 1975 entitled “Open Election System”) require answer to be filed in election contest suits within five days after service of the petition and order. The defendants contend that this is not an election contest but an ordinary mandamus proceeding and hence governed by the procedural rules in the Code of Civil Procedure. The trial judge maintained plaintiff’s objection to late filing, holding this to be an election contest, citing State ex rel. Vullo et al. v. Plaquemines Parish Police Jury et al., 238 La. 328, 115 So.2d 368 (1959). He then permitted a proffer of the answers and exceptions.
We find no error in the trial judge’s ruling on this issue under the authority of the Vullo case. But this is of no consequence in view of the rationale of this opinion. The timely filing of the answers and exceptions could not affect the final judgment.
The conclusion we have reached in this matter finds further support in the provisions of Article 14, Section 26 of the Constitution of 1974, also one of the Transitional Provisions of the new constitution, which is as follows:
“Except as otherwise specifically provided in this constitution, this constitution shall not be retroactive and shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this constitution.”
Clearly no right existed under the Constitution of 1921 for the continuance of the appointment of Judge Dufreche beyond the *660 term for which he was appointed under and by the authority of the Constitution of 1921.
For the foregoing reasons the judgment of the trial court is reversed and there is now judgment in favor of the plaintiff, appellant, John D. Kopfler, against Wade O. Martin, Jr., Secretary of State of the State of Louisiana, ordering and commanding him forthwith to notify in writing by registered or certified mail, all election officials, including party commissions and boards of supervisors of elections having any duty to perform in connection with a special election to fill the vacancy in the office of Judge of the City Court for the City of Hammond, Seventh Ward, Tangi-pahoa Parish, Louisiana.
It is further ordered, adjudged and decreed that the defendant, Charles A. Branch, Chairman of the Tangipahoa Parish Executive Committee immediately and forthwith convene said Committee and take such action as necessary to provide for a special election for the office of Judge of the City Court for the City of Hammond, Seventh Ward, Tangipahoa Parish, Louisiana and to provide a time and set the fee for the qualifying -of all candidates who may wish to qualify to participate as candidates in said election and that he, Charles A. Branch, Chairman of said Committee, is ordered and commanded to accept the qualifying forms and tendered fee of the plaintiff, John D. Kopfler, if found to be in proper form, and further to accept the qualifying forms and fees of all other candidates, if in proper form, who may wish to participate as candidates in said special election.
All costs of this suit are cast against the defendants, Appellees, in solido, insofar as costs may legally be assessed against the named public officials, defendants.

Reversed and judgment rendered.