GREMILLION, Judge.
The plaintiff, Andrew M. Hebert, appeals the trial court’s dismissal of his suit upon the granting of the peremptory exception of prescription filed by the defendants, Chris Williams and Elmo J. LaBorde, Jr. After reviewing the record, we affirm.
FACTS
On November 3, 1992, a proposition was passed by an election in Lafayette Parish, whereby the governments of the City of Lafayette and the Parish of Lafayette merged into one home rule charter. The results of the election adopting the unified city/parish government were promulgated on December 3, 1992. On March 25, 1996, Hebert filed a Petition for a Writ of Mandamus seeking to have the |2Lafayette City Council call and hold an election for the vacant offices of mayor and council members. In a supplemental petition, filed on April 4,1996, Hebert challenged the right of the parish government to call the election, which in effect, usurped the authority of the city government.
In response to Hebert’s petition, Williams and LaBorde filed peremptory exceptions of no cause of action and prescription. A hearing on the exceptions was held on May 13, 1996. Following the introduction of evidence into the record and argument by counsel, the trial court issued a ruling from the bench. In sustaining the exception of prescription, the trial court held that Hebert should have filed his suit contesting the election within thirty days of the election. Hebert’s suit was dismissed at his cost. On June 3, 1996, the newly elected council members were sworn in for the city-parish council.
Following the trial court’s ruling, Hebert filed for supervisory writs with this court. That application was denied on July 10,1996, based on the fact that Hebert had an adequate remedy by appeal. Hebert v. The Lafayette City Council, 96-781 (La.App. 3 Cir. 7/10/96). This appeal followed.
ISSUES
On appeal, Hebert raises two assignments of error:
1) The trial court erred in its reliance upon the Louisiana Election Code (La. R.S. 18:1401(0) to grant the exception of prescription since the election subject to this litigation is challenged as an “absolute nullity” and not because of the “conduct” of the election. The prescriptive period of the Election Code *752 is not applicable to an election which is absolutely null.
2) The trial court erred in failing to grant the application for writ of mandamus because:
|3a) It was the appropriate procedural vehicle to compel the city public officials to perform their ministerial duties required by the City’s Home Rule Charter, more particularly to call an election for mayor and councilman of the City of Lafayette;
b) The Louisiana Statute (La.R.S. 33:1391) which authorized the Parish of Lafayette only to call an election is unconstitutional as a prohibitive law which seeks to change the structure and distribution of powers of the Lafayette city government in contravention of the City’s Home Rule Charter and Louisiana Constitution 1974, Art. VI, § 6; and
c) Applicant, Andrew Hebert, stated a cause of action for which'relief may be granted when he requested that the city officials be mandated to perform their official duties to call for an election of city officials as required by the City’s Home Rule Charter.
Because we find that Hebert failed to file his suit within the thirty day preemptive period provided by La.R.S. 18:1405(D), we will limit our discussion to that assignment of error.
DISCUSSION
The statutes pertaining to contesting an election are found within Title 18 of the Louisiana Revised Statutes. The statutes pertinent to this matter are:
La.R.S. 18:1401(C):
A person in interest may bring an action contesting any election in which any proposition is submitted to the voters if he alleges that except for irregularities or fraud in the conduct of an election the result would have been different.
La.R.S. 18:1405(D):
An action contesting an election submitting a proposition to the voters, except a constitutional amendment or a proposition covered by Subsection E of this Section, shall be instituted within thirty days after the official promulgation of the results of the election.
UHebert argues that the trial court erred in applying the prescriptive period found in La.R.S. 18:1405(D) to the facts of this case since he is not contesting the conduct of the election. Instead, he argues that the Parish Council had no authority to call an election which purported to change the structure, organization, distribution, and redistribution of the powers and functions of the City of Lafayette, therefore, the election was illegal and an absolute nullity. La.R.S. 33:1391; Louisiana Constitution Article VI, § 6. Since the election was an absolute nullity, Hebert argues that his challenge is not subject to either prescriptive or preemptive periods. We find no merit with this argument.
In State ex rel. Vullo v. Plaquemines Parish Police Jury, 238 La. 328, 115 So.2d 368, 373 (1959), the supreme court stated:
It is the universal rule in this country that the validity of an election contest as well as the machinery controlling such elections presents political rather than judicial questions, in the absence of an express constitutional or statutory provision granting to the courts jurisdiction over the controversy. In conformity with the mandate of the Constitution of this State the Legislature adopted its Act 46 of 1940, the provisions of which were incorporated substantially in their original form in the Revised Statutes of 1950 as R.S. 18:281 et seq., and the procedures therein contained are sui generis. The relators’ right to proceed herein emanates from R.S. 18:307, in which we find the provisions to be simply that “Each party may appeal to any court of competent jurisdiction for relief,” and the Section further declares (R.S. 18:307, subd. C) “ * * * The jurisdiction of the court, the time within which suit must be filed, the delay for answering, the method of procedure and trial, the time within which a decision shall be rendered by the lower court, the time within which an appeal may be taken and prosecuted, and the time within which the appellate *753 court must render a decision, shall, as far as practicable, be as is hereinafter provided for contesting elections.” R.S. 18:364 specifically gives “The party cast” the right to appeal and delineates the procedure to be followed with precision. This is binding on the Courts, and we are without authority to modify or change these rules. The Articles of the Code of Practice, i.e., 591, 592 and 888, are without application here.
ls(Emphasis added) (Footnote omitted.) The fixing of the time delays within which to bring an action contesting an election is vested solely with the legislature. In fixing the delays, the legislature obviously sought to expedite these matters. As stated by the court in Plaquemines Parish Council v. Petrovich, 95-2263 (La.App. 4 Cir. 10/18/95); 662 So.2d 542, 543 writ denied, 95-2540 (La.10/27/95); 663 So.2d 703:
The election in this matter was over one year ago. The delays for trial and appeal provided by LSA-R.S. 18:1409 have long since passed. The purpose of the short time delays in the election Code is to expedite. Fitzmorris v. Lambert, 382 So.2d 169 (1979) writ refused 384 So.2d 793 (La.1979). The short time delays are in the interest of the electorate, not the private parties litigant. As such they may not be waived or modified even with the agreement of the litigants and the courts. State ex rel. Vulto v. Plaquemines Parish Police Jury, 238 La. 328, 115 So.2d 368 (1959). The public resents any attempt to frustrate its will as expressed at the ballot box by protracted legal delays.
In Small v. Desselle, 520 So.2d 1167, 1169 (La.App. 3 Cir.1987), this court, in finding that La.R.S. 18:1405(B) is preemptive, stated:
The Election Code specifically provides for an action contesting an election to an office and stipulates that such action shall be instituted within seven (7) days after the election. The statute thus creates the cause of action and stipulates the delay within which the right is to be executed. In suits contesting elections or objecting to candidacy, public interest demands that the issue be disposed of quickly. Therefore, the right to contest an election or an individual’s right to office should exist only for a limited period of time. Hebert, supra, at 722; Guillory [v. Avoyelles Ry. Co.] supra, [104 La. 11] 28 So.[899] at 901 [(1900)]. The need for finality of elections is of very high priority. Thus, litigants have a limited time period within which to institute suit and the courts are directed to hear such cases on a preferential basis. See La.R.S. 18:1409.
La.Civ.Code art. 3458 provides: “Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the preemptive period.”
In this instance, we find that Hebert is arguing, in essence, that the irregularity in the election of November 3, 1992 was the Lafayette Parish Council’s calling of the election. We do not agree with Hebert’s contention that “conduct” as used in La.R.S. 18:1401(D) pertains to only actions that take place during the actual process of the election. Instead, we believe that “conduct” is a broader concept, which includes the events leading up to the actual election which includes, but not limited to, the legislature authorizing the election and the “call” for the election, as well as the proposition as found on the ballot.
We also agree with the language quoted above from Plaquemines Parish Council and Small, that time is of the essence in election cases. There is a need for finality in these matters, which the legislature has recognized by its decision to strictly limit the time delays provided for in election contest eases. La.R.S. 18:1405. In this instance, the election called by the Lafayette Parish Council occurred on November 3, 1992. The results of the election were promulgated on December 3, 1992. Instead of filing to stay the election or to instigate this matter within the 30 days proscribed by statute, Hebert chose to wait until March 25, 1996, nearly three and one-half years later, to file his suit. By the time this appeal was heard, the parish-city council had been in effect for approximately nine months. The public’s need for stability in its government far outweighs Hebert’s right to litigate this matter long after the preemptive period provided in La.R.S. *754 18:1405(D). We shall not frustrate the public will, thus, we find this assignment of error to be without merit.
^CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court granting the peremptory exception of prescription filed by the defendants-appellees, Chris Williams and Elmo J. LaBorde, Jr. The costs of this matter are assessed to the plaintiff-appellant, Andrew M. Hebert.
AFFIRMED.