764 So.2d 339 (2000)
CITY OF DONALDSONVILLE, Nolan Guillot d/b/a First and Last Chance and Eric Weil d/b/a Café Lafourche
v.
STATE of Louisiana, Louisiana Gambling Control Board and Louisiana State Police.
No. 99 CA 1582.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
*341 Marvin Gros, Donaldsonville, Counsel for Plaintiffs/Appellants, City of Donaldsonville, Nolan Guillot d/b/a First and Last Chance, Eric Weil d/b/a Café Lafourche.
Donald O. Cotton, Baton Rouge, Counsel for Intervenors/Appellants, Westend Lounge, Inc., Sal's Saloon, Antoon's Package Liquor.
Thomas A. Warner, III, Rand L. Dennis, Baton Rouge, Counsel for Defendants/Appellees, State of Louisiana, Louisiana Gaming Control Board, Louisiana State Police.
Before: LeBLANC, PETTIGREW and KLINE[1], JJ.
LeEBLANC, J.
The City of Donaldsonville, Nolan Guillot, and Eric Weil, plaintiffs,[2] petitioned for a declaratory judgment on the constitutionality of Louisiana Revised Statute 18:1300.21 after applications for renewal of video draw poker licenses were denied. The denials cited the results of the 1996 local option election, mandated by the provisions of section 1300.21. Pursuant to section 1300.21, Louisiana voters were to cast ballots to determine whether to prohibit or allow video draw poker devices within each parish. Voters in Ascension Parish voted to prohibit video poker within the parish. Plaintiffs, arguing the ballot should have included the City of Donaldsonville as a separate entity, sought an injunction to allow the continued operation of video draw poker devices pending a hearing. They also sought damages, attorney fees and court costs. Named as defendants were the State of Louisiana, Office of the Governor, the Louisiana Gaming Control Board[3], and the Louisiana *342 State Police. The record includes defendants' peremptory exception raising the objection of prescription; the minutes of court and the judgment indicate defendants also filed a peremptory exception raising the objection of no cause of action.
The judgment states that at the hearing on plaintiffs' motion for a temporary injunction, the parties agreed to convert the hearing to a full trial on the merits. The judgment denied defendants' exception raising the objection of no cause of action; sustained defendants' exception raising the objection of prescription; denied plaintiffs' request for declaratory judgment, based on a finding that section 1300.21 is constitutional; and denied plaintiffs' request for injunctive relief. From this judgment, plaintiffs have appealed.

INJUNCTIVE RELIEF
In this assignment of error, the plaintiffs assert the district court erred in failing to grant the requested injunctive relief as plaintiffs made a prima facie showing that the statute was unconstitutional. However, the judgment of the district court states the parties "stipulated to the conversion of the hearing on temporary injunction to a final trial on the merits". Given the stipulation, the plaintiffs may not now be heard to complain that the district court erred in failing to grant a temporary injunction.
Moreover, Louisiana Code of Civil Procedure article 3601 provides that a preliminary injunction may be issued during the pendency of an action for a permanent injunction on a prima facie showing that the petitioner is entitled to relief sought, that he will prevail on the merits, and that the potential losses are those for which money damages are inadequate or are incapable of measurement by pecuniary standards. See Shaw v. Hingle, 94-1579, p. 4-5 (La.1/17/95), 648 So.2d 903, 905. The jurisprudence interpreting article 3601 establishes that, while the trial court has broad discretion in deciding whether to grant injunctive relief, injunction is an extraordinary remedy and should only issue where the party seeking it is threatened with irreparable loss without adequate remedy at law. Jim Walter Homes, Inc. v. Jessen, 98-1685, p .6 (La. App. 3 Cir. 3/31/99), 732 So.2d 699, 703. A party must make a prima facie showing that he will prevail on the merits of the suit. General Motors Acceptance Corporation v. Daniels, 377 So.2d 346, 348 (La. 1979). Our review of the record reveals the plaintiffs have failed to make such a showing.
A state statute is presumed to be constitutional, and the party who attacks it has the burden of establishing by clear and cogent evidence that the statute is unconstitutional. State Through Louisiana State Board of Examiners of Psychologists of Department of Health and Human Services v. Atterberry, 95-0391, p. 14 (La. App. 1 Cir. 11/9/95), 664 So.2d 1216, 1224. The record fails to establish that the plaintiffs presented any evidence that there was a likelihood that the statutory provisions would be declared unconstitutional. This assignment is without merit.

CONSTITUTIONALITY
In this assignment of error, we examine whether Louisiana Revised Statute 18:1300.21, authorizing elections in each parish to allow or prohibit video draw poker devices, violates the Louisiana Constitution Art. VI, § 6 protection of the powers and functions of local governmental subdivisions that operate under a home rule charter. The district court held the statute was not in violation of the constitution. We agree.
The state legislature is charged with the regulation of gaming. See La. R.S. 27:2; Polk v. Edwards, 626 So.2d 1128, 1137 (La.1993). During the First Extraordinary Session of 1996, the Louisiana Legislature passed Act 57, which enacted Louisiana Revised Statute 18:1300.21. The goal of the statute is to provide for a referendum election concerning certain gaming *343 activities, in this instance the operation of video draw poker devices, and to set forth specific parameters for the holding of such an election (fixing the date for the referendum election, providing the exact language of the proposition, requiring compliance with the Election Code, providing for the percentage of voters that will determine the issue, and specifically identifying the particular local body to hold such an election). Louisiana Revised Statute 18:1300.21 A(2) mandates that each parish hold an election "to determine whether the conducting of gaming activity shall be permitted in the parish." In the present case, the legislature has determined that utilization of the well-established and easily recognized parish divisions is in the best interest of the state for the determination of this issue. See also La. R.S. 4:181 (parish-wide election on horse racing meet).
Plaintiffs argue a breakdown of the election results from the 1996 election reveals that although Ascension Parish as a whole voted to prohibit video poker, voters within the City of Donaldsonville approved video poker. In addition, the City of Donaldsonville, upon the passage of ordinance number 99-5, authorized the operation of video poker devices within the city. Plaintiffs assert the City of Donaldsonville is a separate legal entity organized under a home rule charter, and the "legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter." La. Const. Art. VI, § 6. The designation of parish-wide elections, plaintiffs argue, violates the protections afforded home rule charters by the constitution. We do not agree.
The constitutional protection provided by article VI, § 6 is from laws that change or affect the structure and organization or the distribution of the powers and functions of the local governmental subdivision. In other words, the legislature cannot enact laws that interfere with the organization and management of the City of Donaldsonville's affairs. However, the legislature is empowered to regulate gaming. Louisiana Revised Statute 18:1300.21 is the exercise of that power. It in no way intrudes on the City of Donaldsonville's structure of government.
Plaintiffs also assert section 1300.21 violates the constitutional prohibition found in article III, § 12 against the legislature passing local or special laws. This argument seems to be based on the specific wording in the statute wherein a "Local Option Election" is mandated. Louisiana Constitution article III, § 12 provides, in pertinent part:
Prohibited Local and Special Laws
(A) Prohibitions. Except as otherwise provided in this constitution, the legislature shall not pass a local or special law:
(1) For the holding and conducting of elections....
Article III, § 12 does not, as a general proposition, prohibit the legislature from passing local or special laws. Rather, it is only regarding certain enumerated subjects that the legislature may not pass local or special laws. Thus, for a statute to withstand a constitutional challenge premised on its being a local or special law, two requisites must ordinarily be fulfilled if the statute is in fact a local or special law. First, the legislature must have complied with the notice requirement contained in article III, § 13. Second, the legislation must not concern one of the ten enumerated subjects contained in article III, § 12(A). Polk, 626 So.2d at 1133.
The terms "local" laws and "special" laws are not defined in the Louisiana Constitution. Polk, 626 So.2d at 1134. Louisiana courts have defined these terms in a variety of ways. A statute is considered special or local if its restrictions can affect only a portion of the citizens or a fraction of the property embraced within the created classification. A *344 statute is not a local or special law within the meaning of the constitutional provision if persons throughout the state are affected. Polk, 626 So.2d at 1134. The real distinction between public or general laws and local or special laws is that the former affect the community as a whole, whether throughout the state or one of its subdivisions; and the latter affect private persons, private property, or private interests. See Kotch v. Board of River Port Pilot Com'rs for Port of New Orleans, 209 La. 737, 759-60, 25 So.2d 527, 534 (1946), quoting State v. Dalon, 35 La.Ann. 1141, 1144 (Orleans 1883). A statute is not a local or special law if it operates on a subject in which the people at large are interested. Polk, 626 So.2d at 1134. Nor is the statute local merely by the inclusion of the word "local".
All persons throughout the state of Louisiana were affected by the passage of section 1300.21. Every voter in the state was given the opportunity to cast a ballot on whether to prohibit or allow video draw poker devices within his parish, and the election was held throughout the whole of the state. The statute affected the state as a whole, persons throughout the state were affected, and the statute operated on a subject of statewide concern. See Polk, 626 So.2d at 1136. Of particular note, the statute was adopted pursuant to the state's police power. As held in Kotch and recognized in Polk, 626 So.2d at 1136-37, laws adopted for the benefit of the entire state and pursuant to the state's police power are general. Louisiana courts have consistently recognized that the legislature's authority to regulate gaming constitutes a legitimate exercise of police power. Polk, 626 So.2d at 1137. Section 1300.21, mandating a statewide election to determine whether to prohibit or allow video draw poker devices, constituted a general law rather than a local or special law. These assignments are without merit.

PRESCRIPTION
Plaintiffs argue the district court erred in finding their claim had prescribed, as prescription does not run in favor of an unconstitutional statue. Having found section 1300.21 constitutional, this argument fails; however, we must still determine the correctness of the district court's ruling on prescription. Defendants maintain this matter is essentially an election challenge, requiring plaintiffs' challenge to be brought within thirty days of the election. We agree.
Plaintiffs' petition alleges the 1996 local option election ballot should have included the City of Donaldsonville's name as a separate entity, and they seek to overturn the election. The statutes pertaining to contesting an election are found within Title 18 of the Louisiana Revised Statutes. The statute pertinent to this matter is section 1405 D:
An action contesting an election submitting a proposition to the voters, except a constitutional amendment or a proposition covered by Subsection E of this Section [pertaining to bonds and taxes], shall be instituted within thirty days after the official promulgation of the results of the election.
The fixing of the time delays within which to bring an action contesting an election is vested solely with the legislature. Hebert v. Lafayette City Council, 96-1341, p. 5 (La.App. 3 Cir. 4/9/97), 692 So.2d 750, 753, writs denied, 97-1265, 97-1015 (La.6/13/97), 695 So.2d 978, 983. The short time delays are in the interest of the electorate, not the private parties litigant. As such they may not be waived or modified even with the agreement of the litigants and the courts. Hebert, 96-1341 at 5, 692 So.2d at 753.
A challenge to the proposition as found on the ballot, as with any other objection to an election, must be timely exercised. Hebert, 96-1341 at 6, 692 So.2d at 753. The plaintiffs had thirty days in which to contest the 1996 election; however, they did not seek to challenge the election until June 17, 1999, well outside *345 the thirty-day period. Instead of seeking a stay of the election or filing this challenge within the thirty days prescribed by statute, the plaintiffs chose to wait until 1999, nearly three years later, to file suit. The voter's need for stability in its government far outweighs the plaintiffs' right to litigate this matter so long after the election. There is no merit to this assignment.

CONCLUSION
Therefore, for the foregoing reasons, the district court's judgment is affirmed. All costs of this appeal are assigned to plaintiffs.
AFFIRMED.
NOTES
[1] Retired Judge William F. Kline, Jr. serving by order the Louisiana Supreme Court.
[2] The plaintiffs were further identified in their petition as Nolan Guillot d/b/a First and Last Chance and Eric Weil d/b/a Café Lafourche. These establishments are located in the city of Donaldsonville. Donaldsonville is located in Ascension Parish. In addition, Westend Lounge, Inc., represented by Jerry L. Brown; Salvadore S. Petitto, individually, d/b/a Sal's Saloon; and John Antoon, individually, d/b/a Antoon's Package Liquor subsequently intervened in this matter.
[3] The Gaming Control Board was incorrectly identified as the Gambling Control Board in plaintiffs' petition.