960 So.2d 1018 (2007)
Guy WILLIAMS
v.
Frances Rita DUNN, Malise Prieto, Clerk of Court, 22 JDC, Jay Dardenne, Secretary of State of Louisiana.
No. 2007 CE 0735.
Court of Appeal of Louisiana, First Circuit.
April 18, 2007.
*1019 William J. Dutel, Frederick S. Ellis, Covington, Walter J. Leger, Jr., New Orleans, Counsel for Plaintiff/Appellant, Guy Williams.
Charles N. Branton, Slidell, Counsel for Defendant/Appellee, Frances Rita Dunn.
William E. Crawford, Jr., Merietta Spencer Norton, Baton Rouge, Counsel for Defendant/Appellee, Jay Dardenne, in his official capacity as Secretary of State for the State of Louisiana.
Before: CARTER, C.J., WHIPPLE, DOWNING, MCDONALD, and MCCLENDON, JJ.
CARTER, C.J.
This is an election dispute. The sole issue for this court's determination is whether plaintiff's petition challenging the outcome of the election was timely filed in accordance with LSA-R.S. 18:1405 B. Finding no error in the trial court's judgments sustaining the defendants' exceptions raising the objections of prescription and dismissing plaintiff's petition with prejudice, we affirm.

FACTS AND PROCEDURAL HISTORY
An election was held on March 31, 2007, for the office of Councilman, District A, City of Covington, Louisiana. Francis Rita Dunn won the election, defeating plaintiff, Guy Williams, by a two-vote margin. Plaintiff sought to challenge the election results alleging that, but for substantial irregularities or errors, he would have been elected city councilman.
Appearing in proper person, plaintiff faxed a petition objecting to the March 31, 2007, election to the St. Tammany Parish Clerk of Court's office at 5:15 p.m. on April 9, 2007.[1] Francis Rita Dunn was the *1020 sole named defendant. Thereafter, on April 10, 2007, at 2:01 p.m., plaintiff, again appearing in proper person, filed with the St. Tammany Parish Clerk of Court a second petition objecting to the election results. In this second petition, plaintiff named Twenty-Second Judicial District Court Clerk of Court Maliste Prieto and Secretary of State Jay Dardenne, in addition to Dunn, as defendants. In response to plaintiff's petitions, Dardenne and Dunn filed peremptory exceptions raising the objection of prescription.
Following a contradictory hearing, the trial court signed two judgments sustaining the exceptions and dismissing plaintiff's suit with prejudice. This appeal follows.

ANALYSIS
"An action contesting any election involving election to office shall be instituted on or before 4:30 p.m. of the ninth day after the date of the election." LSA-R.S. 18:1405 B. (Emphasis added.) The election for Covington city councilman was held on March 31, 2007. The ninth day following the date of the election was Monday, April 9, 2007, and plaintiff's petition had to be filed on or before 4:30 p.m. that afternoon.[2] Therefore, both of plaintiff's petitions were filed after the statutory delay specified for commencing an action to challenge an election.
On appeal, plaintiff argues that any delay in filing his challenge was due to the fact that officers of the court impeded the exercise of his right to timely file his petition. Specifically, plaintiff challenges the trial court's factual conclusion that he arrived at the St. Tammany courthouse after 4:30 p.m. on April 9, 2007. Plaintiff places his arrival at the courthouse between 4:25 p.m. and 4:26 p.m.[3]
Plaintiff testified that an officer at the security desk stopped him upon entering the courthouse. The officer told plaintiff the machine was "off," and plaintiff was not allowed to pass. After being turned away from the courthouse, plaintiff went to Carl Perkins's office, because he "knew his office was close," and faxed his petition to the clerk's office. The facsimile filing indicates it was sent from Carl Perkin's office at 5:15 p.m. on April 9, 2007. Thereafter, on the afternoon of April 10, 2007, he filed his second petition naming as defendants, in addition to Dunn, the clerk of court and the secretary of state.
Deputy Charles Grimes of the St. Tammany Parish Sheriff's Office was working as a security officer on the afternoon of April 9, 2007. In accordance with daily procedures, when the digital clock on the courthouse wall indicated it was 4:30 p.m., he shut down the security machine and began locking the courthouse doors. Plaintiff approached the courthouse doors, pulling on one of the locked exterior doors. Finding it locked, the plaintiff entered through an employee entrance door that Deputy Grimes stated he is unable to manually lock. Deputy Grimes apologized to the plaintiff, informing him that it was 4:30 p.m. and the courthouse was closed.
Plaintiff then phoned Fadra White, an acquaintance working in the criminal division *1021 of the clerk of court's office. White told the plaintiff that the office closed at 4:30 p.m., but she would call to see if someone was "working late" in the civil division. White telephoned Gretchen Moss, a deputy clerk in the civil division. Moss's telephone log indicated she received the call from White at 4:32 p.m.
Angela "Becky" Galatas is the St. Tammany Parish Clerk of Court Election Coordinator. Galatas testified that on April 9, 2007, at 4:30 p.m., she contacted an employee in civil intake to see if any election challenges had been filed or whether there was anyone in line waiting to file documents. After being told no one was waiting, Galatas remained on the telephone line while the employee closed the door to the civil division.
The trial court's judgment was based on a factual determination that plaintiff did not institute his suit on or before 4:30 p.m. of the ninth day after the March 31, 2007, election. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In order to reverse a factfinder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous. Bonin v. Ferrellgas, Inc., 03-3024 (La.7/2/04), 877 So.2d 89, 94-95. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Bonin, 877 So.2d at 95. Similarly, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. Bonin, 877 So.2d at 98.
The testimony and the documentary evidence of record amply support the trial court's factual conclusion that plaintiff arrived at the courthouse shortly after 4:30 p.m. on April 9, 2007. Plaintiff's challenges to the March 31, 2007, election were not "instituted on or before 4:30 p.m. of the ninth after the date of the election" and, therefore, are untimely. LSA-R.S. 18:1405 B.
The results in this case are harsh. However, the short time delays within which to bring an action contesting an election are set by the legislature in the interest of the electorate, not in the interest of the private party litigants. As such, they may not be waived or modified even with the agreement of the litigants and the courts. See City of Donaldsonville v. State, 99-1582 (La.App. 1 Cir. 6/23/00), 764 So.2d 339, 344, writ denied, 00-2257 (La.10/27/00), 772 So.2d 654.

CONCLUSION
Considering the foregoing, the judgments appealed from are affirmed, and costs of this appeal are assessed to the plaintiff/appellant, Guy Williams.
AFFIRMED.
McCLENDON, J., concurs with the result reached by the majority.
NOTES
[1] Pursuant to LSA-R.S. 13:850, any paper in a civil action may be filed with the district court by facsimile transmission. The filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court, if the party complies with the additional requirements specified in the statute.
[2] "Computation of all time intervals in this Chapter shall include Sundays and other legal holidays. However, if the time interval ends on a Sunday or other legal holiday, then noon of the next legal day shall be deemed to be the end of the time interval." LSA-R.S. 18:1413.
[3] Plaintiff also offered the testimony of Belinda Dunn, who stated she passed plaintiff on the courthouse steps before 4:30 p.m. on April 9, 2007, after conducting business at the Registrar of Voters Office.